# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH KINGSBY,
          Plaintiff,

    v.                                              Case No. 06C0679

JOHN E. POTTER, Postmaster
General of the United States, and
UNITED STATES POSTAL SERVICE,
          Defendants.

## DECISION AND ORDER

In 2004, plaintiff, then an employee of the Postal Service, filed a complaint with the EEOC, alleging, among other things, that defendant (I will refer to defendants as "defendant") had violated the Rehabilitation Act ("Rehab Act") by discriminating against him based on a disability (asthma) and by denying him the right to utilize leave under the Family Medical Leave Act ("FMLA"). An EEOC administrative law judge ("ALJ") held a hearing on plaintiff's discrimination claim and found that defendant had violated the Rehab Act by failing to accommodate plaintiff's disability. The ALJ noted that defendant had subsequently removed plaintiff as an employee but that plaintiff was not seeking damages arising out of his removal. The ALJ found that plaintiff was entitled to make-whole relief, i.e., relief that would put him in the position that he would have been in if it were not for the discrimination. To accomplish this, the ALJ awarded plaintiff $3,000.00 in non-pecuniary damages, ordered defendant to pay plaintiff's attorneys fees and to remove a Notice of Proposed Removal from various files. Defendant complied with all of the ALJ's orders.

In the present action, plaintiff, appearing pro se, seeks to enforce the ALJ's award, contending that defendant did not make him whole as required by the ALJ. Plaintiff also seeks to appeal the ALJ's damage award while standing on the ALJ's finding of liability. Plaintiff also asserts that defendant violated the FMLA by failing to allow him FMLA-covered leave for particular days. Plaintiff does not seek reinstatement to the postal service.[1]

I must grant summary judgment if no reasonable factfinder could find for plaintiff. In evaluating defendant's motion, I take all inferences in the light most favorable to plaintiff. Defendant filed its summary judgment motion and supporting documents on January 28, 2008. Months later, after prodding by the court, plaintiff filed a response. However, plaintiff failed to comply with Civil Local Rule 56.2, which requires specific responses to defendant's proposed findings of fact. Plaintiff's "response" to defendant's motion consists of three pages of somewhat confusing arguments with several attachments. While I construe pro se filings liberally, pro se litigants must follow the rules, and defendant made plaintiff aware of such rules, including Civil Local Rule 56.2. Plaintiff's failure to present evidence causes there to be virtually no evidence in the record supporting his allegations. Therefore, I will accept defendant's proposed findings of fact as undisputed.

As to plaintiff's attempt to enforce the ALJ's award, the evidence shows that defendant fully complied with all of the ALJ's orders. Defendant paid plaintiff $3,000.00, paid plaintiff's attorney fees of $5,317.50, and withdrew the Notice of Proposed Removal

---

[1] Although plaintiff made a vague reference to the Privacy Act of 1974, 5 U.S.C. § 552(a), in his complaint, defendant has asserted that plaintiff is no longer pursuing any such claim. Plaintiff has not disputed defendant's assertion, and thus I find that plaintiff is not pursuing any such claim.

2

from the files specified by the ALJ's order, as modified by the parties' stipulation. (See Decl. of Shirley A. Konczak.) Plaintiff and his attorney cashed their checks and have not returned the money. Thus, summary judgment must be granted on plaintiff's attempt to enforce the ALJ's award.

Plaintiff's attempt to appeal only the ALJ's award of damages while standing on the ALJ's finding of defendant's liability also fails. As I explained in my order denying defendant's motion to dismiss (Docket Entry # 18 at 10 & n.4), a plaintiff in a discrimination case may not appeal an ALJ's finding of damages while standing on the ALJ's finding of liability. Laber v. Harvey, 438 F.3d 414, 418-24 (4th Cir. 2006); Timmons v. White, 314 F.3d 1229, 1233 (10th Cir. 2003) (stating "[w]e believe that the better-reasoned cases hold that a plaintiff seeking relief under § 2000e-16(c) is not entitled to litigate those portions of an EEOC decision believe to be wrong, while at the same time binding the government on issues resolved in his or her favor."). In any event, plaintiff has presented no argument or admissible evidence in support of his appeal of the ALJ's ruling. Therefore, summary judgment must be granted on this claim.

Plaintiff also contends that defendant violated the FMLA on certain dates by not granting plaintiff FMLA leave. However, defendant requested additional certification from plaintiff, as it was entitled to do, and plaintiff never responded and never provided the requested certification as he should have. See Townsend-Taylor v. Ameritech Servs., Inc., 523 F.3d 815, 819 (7th Cir. 2008). Thus, defendant had a right to treat plaintiff's absences as unexcused. Plaintiff asserts that defendant altered his FMLA certification but provides no admissible evidence supporting this assertion.

Therefore, for the reasons stated,

3

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**, and this case is **DISMISSED**. The clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12 day of August, 2008.

/s_____
LYNN ADELMAN
District Judge